FILED
NOV 21 2013
DAVID CREWS, CLERK
BY_____
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EARL BURDETTE, on behalf of
himself and those similarly situated

      Plaintiff,

vs.

PANOLA COUNTY, A Municipal
Corporation, PANOLA COUNTY
SHERIFF'S DEPARTMENT, a
Municipal Corporation

      Defendants.
_____/

NO.: 3:13-CV-286-MPM-SAA

JURY DEMAND

## COMPLAINT

Plaintiff, EARL BURDETTE ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, PANOLA COUNTY and PANOLA COUNTY SHERIFF'S DEPARTMENT ("PANOLA COUNTY" or "Defendants"), and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part, of the events giving rise to the Plaintiff's claims occurred in Panola County.

## PARTIES

5. At all times material hereto, Plaintiff was continues to be a resident of Panola County, Mississippi.

6. At all times material hereto, Defendants were a municipal corporation. Further, at all times material hereto, Defendants were engaged in business in Mississippi, with a principal place of business in Panola County, Mississippi.

7. At all times material hereto, Defendants were a "public agency" and/or governmental entity covered by the FLSA, pursuant to Section 3(s)(1)(c) of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

9. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

10. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

11. At all times material to this action, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants were in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material to this action, Defendants had two (2) or more employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

      a. Operated instrumentalities of commerce;

      b. Transported goods in commerce;

      c. Used channels of commerce;

      d. Communicated across state lines; and/or

      e. Performed work essential to any of the preceding activities.

15. Defendants were, and continue to be, "employers" within the meaning of FLSA.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. On or about July 1, 2001, Defendants hired Plaintiff to work as a non-exempt law enforcement officer.

18. At all times material hereto, Defendants misclassified Plaintiff and compensated him on a salary basis and paid him $475 per week.

19. Plaintiff understood that his salary was to compensate him for a forty (40) hour workweek.

20. Plaintiff was a law enforcement officer and his primary duties were law enforcement manual labor. Plaintiff's primary duty was not supervisory, and he did not have the authority to hire and fire other employees, and never made recommendations to hire and/or fire other employees of Defendants.

21. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek. Specifically, Plaintiff worked over sixty (60) hours within a workweek on many occasions.

22. However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

23. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

25. Defendants have violated Title 29 U.S.C. §207 from at least October 2010 continuing through April 2012, in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA;

26. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

27. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

28. On or about April 2012, Plaintiff complained to Defendants for their failure to compensate him for his overtime pay.

29. As a result of Plaintiffs' unpaid overtime complaint, Defendants retaliated against him and terminated him from employment with Defendants.

30. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

31. Plaintiff re-alleges paragraphs 1 through 30 of the Complaint, as if fully set forth herein.

32. From at least July 2001 and continuing through November 2011, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

33. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

34. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

35. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

36. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

37. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

38. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

39. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

40. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendants have failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one-half of their regular rate of pay for such hours.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II - RETALIATION

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-40 above.

42. On or about April 2012, Plaintiff complained to Defendants and demanded payment of owed overtime.

43. As a result of that conversation, Plaintiff was terminated from employment.

44. This has caused an adverse employment action against Plaintiff and he has suffered damages as a result of Defendants' retaliation.

45. Defendants have discriminated against Plaintiff because he was inquiring about Defendants' failure to pay proper overtime and minimum wage pay.

46. Defendants' actions towards Plaintiff are discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

47. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendants' unlawful conduct, including interest on such back wages, together with costs and attorneys' fees, compensatory and emotional distress damage, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

## COUNT III
## DECLARATORY RELIEF

48. Plaintiff re-alleges and incorporates paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

50. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

51. Plaintiff may obtain declaratory relief.

52. Defendants employed Plaintiff.

53. Defendants are an enterprise.

54. Plaintiff was individually covered by the FLSA.

55. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

56. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

57. Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

58. Plaintiff is entitled to an equal amount of liquidated damages.

59. It is in the public interest to have these declarations of rights recorded.

60. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

61. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

62. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted, this the 20th day of November, 2013.

_____
OMAR L. NELSON, MS Bar # 100105
MORGAN & MORGAN, P.A.
188 E. Capitol Street, Ste. 777
Jackson, MS 39201
Tel: (601)949-3388
Fax: (601)949-3399
E-mail: Onelson@forthepeople.com

Trial Counsel for Plaintiff