UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

EARL BURDETTE, on behalf of
himself and those similarly situated,

    Plaintiff,                                                     NO.:3:13-CV286M-A

vs.

PANOLA COUNTY, A Municipal
Corporation, PANOLA COUNTY
SHERIFF'S DEPARTMENT, a
Municipal Corporation,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA FOR PLAINTIFF'S PHONE RECORDS OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION**

        Plaintiff, Chief of Police Earl Burdette ("Plaintiff" or "Mr. Burdette"), files this Motion and respectfully requests this Court quash the Subpoena issued and noticed by Panola County, Mississippi and Panola County Sheriff's Department ("Defendants" or "Panola County"), [D.E. 50-1], pursuant to Federal Rule of Civil Procedure 45 and Federal Rule of Civil Procedure 2. In the alternative, Plaintiff respectfully requests the Court issue a Protective Order because Defendants' subpoena seeks protected, personal, confidential, and potentially privileged material. Moreover, Defendants' request is completely irrelevant, duplicative, overbroad, and was issued to harass Chief Burdette. In support of this request, Plaintiff states as follows:

**BACKGROUND**

        1.    Chief Burdette was formerly employed by Panola County as a first responder police officer. Throughout the duration of his employment, Plaintiff was required to work

numerous hours off-the-clock for Defendants. These illegal policies were implemented by Defendants and enforced on Plaintiff and all other similarly-situated employees of Defendants. On May 7, 2012, Plaintiff objected to Defendants' illegal policy requiring its employee to work off-the-clock. In response to Plaintiff's objection of Defendants' illegal practice, Defendants retaliated against Plaintiff and immediately terminated him from employment in this same conversation. This entire conversation was recorded by Plaintiff through an audio-recording application on his personal cellphone.

2. On November 21, 2013, Chief Burdette filed this instant action against his former employer, Panola County, for unpaid overtime compensation and retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). *See* [D.E. 1]. On or about March 5, 2014, Defendants served Plaintiff with its discovery requests, which included requests for admission, production and interrogatories. This discovery specifically includes multiple requests pertaining the aforementioned audio recording, including request for production number 7, which seeks copies of the audio recording. Plaintiff provided Defendants with a copy of the audio recording, which conclusively confirms Defendants' willful and immediate retaliation against Plaintiff because he objected to Defendants' illegal policy.

4. Plaintiff responded to Defendants' discovery requests and provided the audio recording on or before April 16, 2014.

5. Defendants also deposed Plaintiff on October 30, 2014.

6. On November 4, 2014, Defendants issued a Subpoena to AT&T's Subpoena Compliance Center located in Dallas, Texas, [D.E. 50-1], Plaintiff's personal cellphone carrier. Defendants' subpoena requests the production of:

> Any and all calls and text messages made from and received from the following number 662-519-1290 in the custody and control of AT&T for the dates of April

2

23, 2012, beginning 1:00 p.m. through May 27, 2012.

7. Defendants failed to confer with Plaintiff prior to the issuance of its subpoena.

8. After Defendants filed its notice of subpoena with the Court, Plaintiff's counsel attempted to confer with Defendants in an effort to limit the scope of this overbroad request and asked Defendants what, if any, legitimate relevant purpose was there for this Subpoena and advised that this request "appears to be harassing and there is no good faith (basis) as to why this information is discoverable. *See* Email Correspondence attached hereto as **Exhibit A**. However, Defendants failed to provide any legitimate reason for this subpoena. Instead Defendants indicated that their reason for its extraordinary and overbroad request is: "Chief Burdette's partial deposition taken on October 30, 2014 and [Plaintiff's] incomplete discovery responses will clarify any concerns over discoverability." *See Id.* In response to this evasive non-responsive answer, Plaintiff again inquired about this overbroad subpoena and specifically asked Defendants what his response of "incomplete discovery responses" and "partial deposition" meant, if anything, and how its subpoena is relevant to this particular request or even this matter. However, Defendants failed to respond to this inquiry. Plaintiff also emphasized that this subpoena is overbroad and harassing, and specifically indicated that: "clearly, there are personal text messages that are wholly irrelevant, and it is simply harassing to subpoena these documents without conferring with Plaintiff's counsel prior, and now not agreeing to reasonably limit same." *Id.* Defendants did not further respond to this email inquiry.

9. Defendants' subpoena seeks private, intimate, protected, and/or privileged communications between Plaintiff and his wife, children, and may be even counsel. These communications are entirely irrelevant and not discoverable in this matter. Moreover, Defendants' request is overbroad in temporal scope because it includes a period of time where

Plaintiff was not even employed by Defendants.[1] Plaintiff has previously produced the audio recording of his termination conversation to Defendants, and this request is duplicative where lesser intrusive means for discovery are available and were produced months prior to Defendants' subpoena. In reality, Defendants' issuing this irrelevant subpoena for personal and intimate information, all while failing to confer and refusing to even articulate a legitimate basis for its issuance, confirms that Defendants merely served this to harass Plaintiff. Accordingly, Plaintiff respectfully requests that this Court Quash Defendants' subpoena or, in the alternative, issue a protective order for the documents requested.

## MEMORANDUM OF LAW

Plaintiff's FLSA lawsuit against Defendants is limited in scope to Plaintiff's unpaid wages and retaliation claims. Plaintiff's telephone calls and text messages are completely irrelevance to Plaintiff's unpaid wage claim and retaliation claim, which are the only things relevant to this matter. Plaintiff's unpaid wage claim should be assessed by the relevant pay and time records[2]. Plaintiff's retaliation claim concerns a conversation that occurred on May 7, 2012 which immediately led to Plaintiff's termination; was recorded on Plaintiff's personal cellphone; and produced to Defendants. To be clear, Plaintiff's audio recording was recorded through an audio-recording application on his cellular phone, and not by sending or receiving a telephone call or text message, and therefore this subpoena is completely irrelevant. Moreover, this audio recording was produced to Defendants. Since the audio recording was already produced, and the

---

[1] Plaintiff was terminated on May 7, 2012, yet Defendants subpoenaed text messages and telephone calls from April 23, 2012 to May 27, 2012, which includes twenty (20) days after Plaintiff was even employed by Defendants.

[2] Defendants manipulated its log books which contain Plaintiff's clock-in and clock-out records. Defendants produced irrelevant log entries while intentionally withholding Plaintiff's clocked-in and clocked-out records, in an effort to avoid producing records the confirm the hours Plaintiff worked and Defendants' unpaid overtime wages. Plaintiff will confer with Defendants and, if need be, file a Motion for Sanctions regarding the spoliation of evidence.

4

audio recording is the only conceivable material that Defendants could view as relevant to this subpoena, this request is also duplicative.

While these text messages and telephone calls are irrelevant to this matter, its production is not harmless because these communications primarily contain private communications made/received by Plaintiff. This includes intimate communications between Chief Burdette and his wife, children, friends, and may even contain attorney-client privileged communications between Chief Burdette and his legal counsel. The utter lack of relevance, Defendants' failure to confer prior to issuing this subpoena and inability to even articulate a legitimate basis for serving this subpoena suggest that the subpoena is merely issued to harass Chief Burdette through the threat of uncovering irrelevant personal and intimate information contained in these records.

Plaintiff is entitled to protection from such harassment and this subpoena pursuant to Rule 45, Fed.R.Civ.P. Plaintiff's expectations of privacy cannot be compromised and must remain protected from disclosure in this civil action where Defendants have alternative, less intrusive means at its disposal to obtain relevant discoverable material. While Defendants failed to confer, Plaintiff conferred after the subpoena was issued and sought to limit the scope of material Defendants seek to subpoena. However, Defendants refused to confer or provide a legitimate reason regarding what relevant discoverable material Defendants seeks to discover in an effort to avoid the production of irrelevant personal, private, and/or confidential materials. Accordingly, Defendants' subpoena must be quashed.

### A.    Plaintiff clearly possesses a personal right with respect to the subject matter requested by Defendants' subpoena.

A motion to quash is governed by Rule 45(d)(3) of the Federal Rules of Civil Procedure. According to this Rule, the Court "must quash or modify a subpoena that: … (iii) requires the disclosure of privileged or *protected* matter, in no exception or waiver applies…" Fed.R.Civ.P.

45(d)(3) (emphasis added). Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought. This personal right or privilege standard has been recognized to include an individual's personal interest in the privacy of their cellphone records. *See Winter v. Bisso Marine Co.*, 2014 WL 3778833 at *1 (E.D. La. July 29, 2014).

As in *Winter*, Plaintiff in this matter has a indistinguishable personal interest in the privacy of his private cellphone records that Defendants are currently seeking from a third party. To be clear, the records requested are for Plaintiff's personal cellular phone, and not a phone issued to him by his former employer (Defendants). Plaintiff primarily uses his personal cellphone to communicate with his loved ones and the records Defendants seek consist primarily, if not exclusively of Plaintiff's private intimate communications. Since Defendants failed to confer or even articulate a legitimate discoverable basis for such intimate and personal disclosure, Plaintiff's privacy rights should not be compromised to accommodate Defendants' fishing expedition and/or harassing subpoena. Accordingly, Defendants' subpoena should be quashed.

### B. The subpoena seeks information that is unreasonably duplicative, overly broad and irrelevant.

The scope of discovery and the issuance of protective orders are governed by Rule 26 of the Federal Rules of Civil procedure. Rule 26(b) provides in pertinent part:

> "Parties may obtain discovery regarding any **nonprivileged** matter that is **relevant** to any ***party's claim or defense***... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action... All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)."

Fed. R. Civ. P. 26(b)(1) (emphasis added). Concerning these limitations, Rule 26(b)(2)(C) provides, *inter alia*, that "the court must limit the frequency or extent of discovery otherwise

allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive..." Fed. R. Civ. P. 26(b)(2)(C)(i).

Rule 45 subpoenas are typically used to obtain documents or information from a non-party. However, subpoenas are "clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Thomas v. IEM, Inc.*, 2008 WL 695230 (M.D. La., March 12, 2008). "A party should not be allowed to obtain by subpoena what could have been obtained by a Rule 34 request. *Thomas*, at *2. Here, Defendants were able to receive whatever relevant information it seeks through written discovery requests, and it did receive such responses and audio recording on April 16, 2013, or **seven months** prior to issuing its subpoena. Defendants' subpoena is cumulative and duplicative of information already requested and provided by Plaintiff. Additionally, Defendants took Plaintiff's deposition and will have further opportunity to personally question him regarding the use of his cellphone or matters contained in the subpoena.

Defendants' subpoena should also be quashed because the information sought is overly broad and irrelevant. "Rule 45 does not list irrelevance or over breadth as reasons for quashing a subpoena. However, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). Again, this is an FLSA case for unpaid wages and retaliatory termination. The information sought by Defendants is no way relevant to any claim or defense made in this case. Plaintiff's personal and private cellphone records will not shed any light on the overtime hours Plaintiff worked, the compensation he received, or his wrongful termination. In fact, Defendants received the audio recording of Defendants' retaliatory termination, and are

required to maintain Plaintiff's work time and compensation records for his unpaid wage claim pursuant to federal regulations that require employers to retain such records. *See* 29 CFR § 516.

Accordingly, Defendants' subpoena is not reasonably calculated to lead to the discovery of admissible evidence, as confirmed by Defendants' refusal to confer and inability to articulate a legitimate basis for drastically expanding the scope of discovery to include Plaintiff's personal cellphone records in an FLSA matter. It is unclear what, if any, additional relevant information would be obtained by sifting through Plaintiff's personal communication and Defendants have failed to articulate same.

## CONCLUSION

For these reasons, Plaintiff respectfully request the Court quash Defendants' subpoena served on AT&T or, in the alternative, issue a Protective Order barring the disclosure of confidential information contained in Plaintiff's cellular phone records.

Respectfully submitted, this the 6th day of January, 2015.

**/s/ Christopher W. Espy, Esq.**
MS Bar No.: 102424
MORGAN & MORGAN, P.A.
188 E. Capitol Street, Ste. 777
Jackson, MS 39201
Telephone: (601) 949-3388
Facsimile: (601) 949-3399
E-mail: cespy@forthepeople.com

*Trial Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ CHRISTOPHER W. ESPY
Christopher W. Espy, Esq.