IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**EARL BURDETTE, on behalf of himself
and those similarly situated**
                                                                                    **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 3:13CV286-MPM-SAA**

**PANOLA COUNTY, a municipal corporation,
and PANOLA COUNTY SHERIFF'S DEPARTMENT,
a municipal corporation**                                                           **DEFENDANTS**

### ORDER GRANTING MOTION TO QUASH SUBPOENA

Plaintiff seeks to quash a subpoena issued by defendants to AT&T Subpoena Compliance Center for production of "[a]ny and all calls and text messages made from and received from the following number 662-519-1290 in the custody and control of AT&T for the dates of April 23, 2012, beginning 1:00 p.m. through May 27, 2012." Docket 61. Defendants have responded that the subpoena is necessary because plaintiff has avoided producing ESI that is relevant to the claims at issue. Docket 62. Having duly considered the motion, the court is of the opinion that it is well taken and should be GRANTED.

The court must quash or modify a subpoena that requires the disclosure of protected matter if no exception applies or subjects a party to undue burden. RULE 45(a)(3)(iii-iv) of the FED.R.CIV.P. The moving party has the burden of demonstrating that compliance with the subpoena would be unreasonable and oppressive. *E.A. Renfore & Co., Inc. v. Moran*, 2007 WL 41276906 (N.D. Miss 2007) (citing to *Wiwa v. Royal Dutch Petroleum co.*, 392 F.3d 812, 818 (5th Cir. 2004). To determine whether a subpoena is overly burdensome the court considers the following factors: (1) relevance of the information sought; (2) the need of the party for the

documents; (3) the breadth of the document request; 4) the time period covered by the request; (5) the particularity of the description of the documents; and (6) the burden imposed. *Wiwa*, 392 F.3d at 818.

Plaintiff asserts that the subpoena requesting all text messages and phone calls is overly broad, harassing, irrelevant, and potentially seeks information protected by the attorney client privilege. The text messages on plaintiff's phone for the prescribed period will undoubtedly include texts to and from his family members and possibly to and from his attorney. Further, plaintiff notes that the period of time for which the text messages and calls are sought extends twenty (20) days after plaintiff was terminated. Defendants have offered no explanation for why these text messages and phone calls are relevant and has not agreed to limit the production of them in any way. Instead, defendants point to plaintiff's deposition testimony that he did not maintain either the phone upon which he recorded a conversation the day of his discharge or the computer to which he later transferred the phone recording. However, neither of those two facts support the request for all of plaintiff's text messages and phone calls before and for three weeks after his termination. If defendants desire to seek a spoliation instruction, they are permitted to do so, but defendants have failed to convince the undersigned that production of text messages and phone call logs will resolve any issue relating to the recorded conversation. The court will not permit irrelevant discovery that appears to be more harassing than productive.

Weighing the factors set out by the Fifth Circuit for quashing a subpoena, the relevance factor clearly weighs against production of the phone records. Defendants have provided no evidence that the text messages or phone call logs have any bearing on plaintiff's unpaid wage or retaliation claims. Additionally, the breadth of the request is entirely too wide even if a valid

reason for the request had been established. Text messages and phone calls between plaintiff and his family members or attorney are clearly overly broad and not relevant to the issues at hand. Similarly, the time period for which the request is made is overbroad in that it includes twenty days after plaintiff's termination. Taken as a whole, the burden imposed on plaintiff is vastly too great in comparison to the negligible amount of evidence that defendant might discover from the production of the phone records. Plaintiff has demonstrated that compliance with the subpoena would be unreasonable and oppressive and, therefore, it is

**ORDERED**

That plaintiff's Motion to Quash is GRANTED.

This, the 4th day of February, 2015.

/s/  S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE