**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**


**EARL BURDETTE, on behalf of**
**himself and those similarly situated**                                              **PLAINTIFF**

**v.**                                                                              **3:13-CV-286-MPM-SAA**

**PANOLA COUNTY, Municipal Corporation,**
**PANOLA COUNTY SHERIFF'S DEPARTMENT,**
**a Municipal Corporation**                                                          **DEFENDANTS**


**ORDER GRANTING MOTION TO COMPEL**

Plaintiff has filed a motion to compel[1] defendants to provide supplemental responses to

discovery requests, and as to some issues, requests a negative inference or a spoliation

instruction.  Docket 85.  In addition to his motion, plaintiff has provided two notarized affidavits

from former Panola County Sheriff's Department employees who swear defendants have not

produced all responsive documents.  Generally, plaintiff argues that defendants have either failed

to produce responsive documents or completely failed to respond to requests as propounded.

Defendants respond that the records produced are complete and that "[p]laintiff's dispute over

the accuracy and completeness of certain records is a *red herring* for the fact that he habitually

did not sign in and out as required by policy."  Docket 97.  The court has reviewed the Motion

and brief in support (Docket 85, 86), Defendants' Response in Opposition (Docket 97),

Plaintiff's Supplement to the Motion to Compel (Docket 98), both Affidavits submitted in

support of the Motion to Compel (Docket 104, 105), and Defendants' Supplemental Response in

---

[1]In his Motion, plaintiff indicates that he will be filing a separate Motion for Spoliation
Instruction.

Opposition to the Motion to Compel[2] (Docket 106) and concludes that the Motion to Compel

should be **GRANTED IN PART AND DENIED IN PART**.

Federal Rule of Civil Procedure 37(a)(3) provides that a party may move for an order

compelling an answer, designation, production, or inspection when another party fails to

properly answer discovery. The United States Supreme Court has held that the rules of

discovery are to be accorded a broad and liberal treatment. *Hickman v. Taylor*, 329 U.S. 495,

507 (1947). Furthermore, the parties' mutual knowledge of all relevant facts is a prerequisite for

proper litigation. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977). Rule

26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense . . . . Relevant information sought need not be admissible at the

trial if the discovery appears reasonably calculated to lead to the discovery of admissible

evidence."

 The party resisting discovery bears the burden of explaining its objections and providing

support for its objections. *Enron Corp. Savings Plan v. Hewitt Associates, L.L.C.*, 2009 W.L.

764310, *8 (S.D. Tex. 2009) (internal citations omitted).

There is a necessary element of gamesmanship which applies in discovery, but parties

must act in the spirit of discovery. *Id.* Under Rule 33, "[e]ach interrogatory must, to the extent

it is not objected to, be answered separately and fully in writing under oath." Likewise, Rule

37(a)(3) provides that "an evasive or incomplete . . . answer or respond must be treated as a

---

[2]Neither the Federal Rules of Civil Procedure nor the Uniform Local Civil Rules allow a Supplemental Response in Opposition to a motion, and defendants did not request permission to file one. However, the undersigned considered defendants' Supplemental Response despite the fact that it was not timely or properly filed under the rules.

failure to . . . answer or respond." Discovery by interrogatory requires candor in responding. *Dollar*, 561 F.2d at 616. A party must respond with candor and good faith in either providing the information sought or stating a legitimate objection to doing so. In this case, the defendant has been less than candid and does not appear to have attempted to obtain the requested documents in good faith.

It appears that the defendants, in response to all discovery responses at issue, chose to object first and answer questions, if necessary, later. Defendants' answers to many of the interrogatories are wholly insufficient and refer plaintiff to documents, with no legitimate attempt to answer the Interrogatory. Although defense counsel has an extensive federal practice and knows better than to provide what amount to virtually worthless responses to discovery, defendants' answers are either unresponsive or they are evasive and certainly not made in the spirit of good faith discovery. Defendants and their counsel are forewarned that if the supplemental responses compelled below are not thorough and forthcoming, both the parties and their counsel will be subject to severe sanctions. The inability of these parties to cooperate in discovery appears to rest at the feet of defense counsel who has failed at every turn to provide meaningful responses and cooperate with plaintiffs' counsel in a professional manner. This obstreperous behavior has required countless hours of both plaintiff's counsel and the court to push through the fog defendants have created to determine what documents actually exist or ever existed, in what form they exist[ed], and where they may be located. The court will not tolerate such behavior.

**1. Panola County Sheriff's Office Deputy Schedules** – Plaintiff seeks production of the Panola County Sheriff's Office Deputy Schedules for February 2012 to October 2012 and

various portions of 2013 and 2014. Defendants have produced schedules from the current administration, but represent that they have not been able to locate and produce the schedules from former Sheriff Griffin's administration. They argue, curiously, that plaintiff's motion to compel these schedules is premature because discovery has not ended. Plaintiff correctly points out that the Sheriff's Department owed a duty to maintain the records for FLSA purposes, and the department should not be able to evade liability by blaming the former Sheriff for misplacing the schedules. Plaintiff seeks production of the schedules or a jury instruction that defendant failed to properly maintain records in accordance with the law. Defendants are directed to further investigate and either produce the deputy schedules or receive a jury instruction advising that defendants did not maintain proper employment records.

2. **Radio Dispatch Log Book Records** – Plaintiff asserts that defendants failed to produce the radio dispatch logbook records that are vital to his case because they serve as plaintiff's time records and provide the actual hours worked by plaintiff. Instead of the relevant records, says plaintiff, defendants have produced thousands of pages of irrelevant and obviously incomplete documents. According to plaintiff, whose counsel has now had to review the records three different times, defendants have yet to produce even one complete day of records (clock in and clock out) for the relevant time. Defendants respond that they have produced the complete record of radio dispatch log books in their possession; they posit that the lack of a complete clock-in/clock-out day is attributable to plaintiff's routine failure to radio in to dispatch to clock in and clock out.

These records were requested by plaintiff for the first time on March 27, 2014. Defendants have supplemented their production of these records twice, but neither production

included all of the documents, as evidenced by the Affidavits of former Sheriff Department

employees Rosa Wilson and Carolyn Cauthen.  Both Wilson and Cauthen provided sworn

statements that they have reviewed the produced log books and concluded that the complete

books were not produced.  The testimony indicates, for example, that even though a log from

Burdette's day shift might have been produced, the shift following his was missing, and that is

the log that would show his radioing in to clock out.  In other words, a complete response to this

request would require that defendants produce all of the logs; this circumstance exemplifies why

it is significant that defendant has not yet produced the logs for even one single entire day during

the relevant period.

Additionally, Wilson swears that plaintiff worked at least 21 hours of overtime on an

average week, and Cauthen swears that plaintiff worked approximately 25 hours of overtime on

a weekly basis.  Thus, according to Wilson, "[i]t is very rare that all of an officer's recorded

activities would have been recorded by only one of the dispatchers in a given shift."  Docket

104, p. 5.  Further, Wilson testified that two dispatchers worked each shift, but defendants only

produced dispatch logbook records for one of the dispatchers for these shifts.  Wilson also stated

that because the dispatchers often could not keep up with the pace of calls when recording data

into the dispatch log book records, they also wrote down the dispatch calls on legal pads that

were saved and preserved in the filing cabinet along with the dispatch logbook records.  *Id.* at 6.

Based upon this sworn testimony, defendants should be able to piece together evidence to create

a schedule of plaintiff's hours worked.  Given that defendants assert that they just cannot locate

some documents or believe that others were taken by the previous administration, it is difficult

for the undersigned to believe that in this instance defendants have made a thorough search and

5

have produced every page of the dispatch log books or any other information that would provide

the schedule of hours plaintiff worked.

Defendants are ordered to produce complete log books, including A, B, C and D shifts

for both dispatchers for the relevant period of time as well as any other note pads or records that

evidence the hours plaintiff worked.  If defendants fail to produce a record of the hours plaintiff

worked, the court will enter an order prohibiting defendants from contesting that plaintiff worked

an average of 23 hours of overtime per week.

      **3.  MVA Reports, Offense Reports –** Plaintiff requested Motor Vehicle Accident

Reports and offense reports which will evidence days and times that plaintiff worked.

Remarkably, defendants have only produced two MVA reports for plaintiff from 2010 to 2013.

Plaintiff says he created significantly more than two accidents during this period, and Wilson

testified that plaintiff created more MVA reports than were produced.  Docket 104, p. 8.  Wilson

advised of the existence of a Motor Vehicle Accident Case book created by the dispatchers that

would prove which documents are missing from the MVA reports produced by defendants.  As

for the other offense reports, Wilson also advised in her sworn statement that a Juvenile

casebook created by defendants would also coincide with the plaintiff's offense reports and the

dispatcher's complaint sheets that would help identify offense reports completed by plaintiff.

In response, defendants state that plaintiff only produced two MVA reports because

plaintiff did not originally draft and submit others.  Docket 97, p. 3.  Defendants did not address

in either their response or the supplemental response the fact that Motor Vehicle Accident Case

book, a Juvenile case book and dispatcher's complaint sheets exist and will serve as a

mechanism to prove or disprove plaintiff's assertion that he created other reports that have not

been produced. Defendants are ordered to more thoroughly investigate and produce all reports in their possession authored by plaintiff, as well as the Motor Vehicle Accident Case book, the Juvenile case book and dispatcher's complaint sheets.

**4. Damage Calculation** – Plaintiff asserts that defendants should have provided a damage calculation. Defendants argue that they paid plaintiff what he was owed, so any "calculation" would equal zero. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) only requires "a computation of each category of damages claimed by the disclosing party . . ." Because defendants are not claiming any damages, they are not required to provide a damage calculation.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS:**

**Request 1:** Plaintiff requested documents which evidence terms and conditions of employment such as personnel manuals, employee handbooks, memos from defendants, payroll records, record keeping guidelines, directives, practices of defendants with respect to payment of overtime compensation and the defendants' policies and practices relating to maintenance of records of hours worked by employees. Defendants' response indicates that they have produced all policies and guidelines followed by defendants, but fail to address each item requested. For instance, defendants' only identify the Policy and Procedure Manual from the previous administration and a transcript of an audio recording made by plaintiff as documents produced. Defendants' response does not mention record keeping policies, policies regarding overtime pay, payroll practice guidelines, or record keeping guidelines, much less specify whether and what portions of those items are responsive to the request itself. If there are any other documents that evidence the terms and conditions of plaintiff's employment, concern payment of overtime compensation or the policies and practices of defendants relating to the maintenance of records

of hours worked by employees, defendants are compelled to produce these records and if

defendants are not in possession of any such documents, they are ordered to specifically identify

each type of document and indicate that they do not have any documents in that category.

**Request 2:** Plaintiff has requested all daily time records, time slips, time card or other

records evidencing when plaintiff arrived at work, was on break or lunch and departed from

work. This is another attempt to simply obtain the hours that plaintiff worked for defendants

since defendant only produced incomplete dispatch logs. Defendants' discovery response only

states that all documents have been produced in core or supplemental core disclosures, and their

response to the motion to compel fails to address this Request. The court is puzzled by

defendants' blatant failure to address the largest discovery issue in the case at the moment.

Certainly defendants had a record of the hours plaintiff worked at some point during his

employment to determine how much he was paid. Defendants have not provided a credible

explanation for how they are totally lacking in any record that evidences the dates and times that

plaintiff worked. Defendants are ordered to take whatever means necessary to compile the dates

and times that plaintiff worked, including searching all filing cabinets, reviewing accident and

offense reports, etc.

**Request 5:** Plaintiff requested all documents relied upon in responding to Interrogatories

and Requests for Admission. Defendants' discovery response indicated that plaintiff had not

tendered any Interrogatories or Requests for Admissions, but defendants had tendered all

responsive documents via core disclosure and/or supplemental core disclosure. Although

plaintiff served the Requests for Production of Documents on March 27, 2014, he did not

propound Interrogatories and Requests for Admissions until September 30, 2014, so the original

response was the only one available to defendants. Therefore, plaintiff's motion to compel as to this Request is denied.

**Request 7:** Plaintiff requested all training materials provided to employees performing tasks similar to plaintiff during the last three years. In their discovery response, defendants indicated that they had produced what documents they have, that plaintiff's professional training certificate is in the possession of the Como Police Department and that, surprisingly, the former Sheriff took the hard drive to his computer when he left office. In their response to the Motion to Compel this Request, defendants simply indicate that they have provided all discoverable information. Docket # 97. Defendants are ordered to identify the documents they have produced which are responsive to this request, along with the bates stamp numbers for each applicable document. Further, defendants are ordered to conduct a thorough examination of all files in their possession and produce any training materials not previously produced or risk a spoliation instruction.

**Request 16:** Plaintiff requested emails from any computer he used while at defendants' office to the extent that they have evidentiary value pertaining to plaintiff's hours of work. Defendants simply responded "Not applicable. See Ex. G." However, in their Response to the Motion to Compel, defendants indicated that they had not looked for these records and would supplement them before the discovery deadline. If defendants have not done so already, they are ordered to produce all emails that plaintiff sent from any computer in defendants' possession, and if defendants are not able to identify any, they must state with specificity the steps they took to acquire this evidence, including the specific terms used to search the computers.

**Requests for Admissions:**

**Request 4:** Plaintiff requested that defendants admit that the documents they produced fail to provide a basis for determining the precise number of hours worked by plaintiff. Defendants response denied this Request and referred plaintiff to Exhibit I. Plaintiff argues that there is no way to determine the hours he worked based upon the documents provided by defendants, and their denial is not in good faith. In response to the Motion, defendants state only that they "maintain their position that their records regarding Plaintiff's check-in and check-outs are accurate, and have provided Plaintiff with a full copy of said records for his review." Defendants miss the point–this request is not about whether defendants have produced all documents requested. Instead, it seeks defendants' admission that the documents produced do not provide sufficient information to enable them or plaintiff to determine the precise hours plaintiff worked. Plaintiff seeks an order compelling defendants to explain how this response is in good faith or amend their response.

Rule 36 performs two vital purposes: (1) facilitating proof with respect to issues that cannot be eliminated from the case, and (2) narrowing the issues by eliminating those that can be. Rule 36 Advisory Committee Notes, 1970 Amendment. There is very little case law in the Fifth Circuit addressing the sufficiency of responses to requests for admissions. However, given the nature of the discovery disputes at issue here, it is hard to fathom how defendants could deny this Request for Admission in good faith. All parties agree that the log books do not contain complete clock in and clock out times for plaintiff. It does not appear that defendants have produced any other records that would provide a way to determine the hours plaintiff worked. Defendants are ordered to provide an explanation of how they could reasonably deny this

10

request.  If the court deems the explanation unsatisfactory, the Request for Admission will be deemed admitted.

**First Set of Interrogatories:**

**Interrogatory 2:** Plaintiff requests compensation details such as rate of pay, whether it was hourly or salary, and an identification of each person who has knowledge of income paid to plaintiff.  Defendants' response simply referred plaintiff to Panola County Payroll History for Earl Burdette and provided the names of 4 individuals.  Defendants did not identify the manner in which plaintiff was compensated, the basis for the calculation, whether he was paid on an hourly or salary basis, etc.  In response to plaintiff's attempt to resolve this discovery issue without court intervention, defendants stated, "Our response is consistent with the requirements of Fed.R.Civ.P. 33(d)."  However, defendants' response does not comply with the Federal Rules of Civil Procedure and is certainly not in good faith.  The Payroll History does not provide the details that plaintiff has requested.  Defendants are compelled to fully and completely answer each specific component of plaintiff's Interrogatory.

**Interrogatory 9:**  Plaintiff requested identification of any non-privilege documents upon which defendant relied in answering Interrogatories.  Defendants responded  "None. . . " and explained that a disinterested employee had compiled the applicable radio logs for plaintiff and the entire set of radio logs was available.  However, this response is wholly unresponsive to plaintiff's question.  Defendants are ordered to identify specifically by name and bates number any non-privileged document upon which it relied in answering each of the Interrogatories propounded by plaintiff.

**Interrogatory 12:** Plaintiff requested that defendants identify and describe plaintiff's job

duties while employed by defendants including "scheduled work hours, daily work assignments, documentation completion, pay structure, dress and appearance, tools usage, insurance requirements, business expense reimbursements, reporting structure, location(s) of work performed, . . ." Plaintiff further requested that defendants "[s]eparately state whether plaintiff had a written job description and, if so, set forth the job description or, if not, describe the plaintiff's job duties for all positions held throughout the last three years of his employment with defendant. Defendants responded that plaintiff was a "Supervisory Employee" and referred plaintiff to "written job descriptions of supervisory employees and sworn members per the Panola County Sheriff's Department Law Enforcement Policy and Procedure Section 2.07. . ." Defendants also responded with plaintiff's salary amount and referred plaintiff to his payroll history. In his response to plaintiff's Motion, defendants assert that they have complied with Federal Rule of Civil Procedure 33(d) which allows them to refer to a party's business records when an answer to an interrogatory may be determined by reviewing the record. However, defendants have not complied with Fed.R.Civ.P. 33(d) as the records referenced by defendants do not provide the specific answers requested by plaintiff. Therefore, defendants are compelled to provide specific answers to plaintiff's request without general reference to documents produced.

**Interrogatory 19:** Plaintiff asked whether defendants had a policy in place to protect employees from unlawful retaliation and if so, requested that defendant provide specific information as to the policy. Defendants responded by referring to sections of the Panola County Sheriff's Department Law Enforcement Policy and Procedure. According to plaintiff, the referenced sections do not detail whether defendants had a retaliation policy, and defendants did

12

not answer "yes" or "no." Defendants are compelled to directly answer whether they actually

had a retaliation policy in place during plaintiff's employment and if so, describe the policy in

detail, including when the policy was implemented, how the policy was enforced, how the policy

was disseminated, who investigates alleged retaliation violations, what any investigation

encompasses and what steps were taken to ensure that defendants did not retaliate against

plaintiff.

**Interrogatory 21:** Plaintiff seeks all factual and legal support for each defense or

counterclaim asserted by defendants and identification of any witnesses who have knowledge of

such facts. Defendants responded with an objection and a reference to the Response to

Interrogatory No. 1; their response to the Motion was to simply assert that the request was

premature because discovery was not over. Aside from the fact that waiting for discovery to be

concluded is not an acceptable reason for an incomplete response, discovery ended on March 27,

2015, so defendants should have all discovery necessary to properly respond to this

Interrogatory. Defendants are compelled to provide a detailed written response to this request.

**Plaintiff's Second Requests for Production**

**Request for Production 1:** Plaintiff requested all notes taken by defendant's corporate

representative during the deposition of Dennis Darby. Defendants objected asserting attorney-

client privilege and work-product doctrine. At issue are text messages that the corporate

representative allegedly sent to other witnesses, not defendants' counsel, in an attempt to coach

the witnesses during depositions. Defendants' response to plaintiff's Motion indicates that when

questioned under oath concerning these text message, the corporate representative testified that

she was checking on a sick child. Docket 97, p. 6.

The work product doctrine applies to documents prepared by or for *an attorney* in anticipation of litigation. *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991); *see* Rule 26(b)(3)(A). Rule 26.1(A)(c) of the Uniform Local Civil Rules requires a party who withholds information claimed to be protected by privilege or the work product doctrine to submit a privilege log that contains at least the following information: the name of the document; description of the document; date; author(s); recipient(s); and nature of the privilege. Failure to provide the require log subjects the withholding party to sanctions under Rule 37 and may be viewed as a waiver of the privilege. *Id.* Defendant simply invoked the privilege and did not provide a privilege log. The court is suspicious of any text messages or communications a corporate representative attending depositions made to other individuals waiting to be deposed outside of the room in which depositions were being conducted. Regardless of the court's suspicions, defendants were required to make reasonable inquiry to determine whether any such documents or communications exist, and if the claim of work product protection or privilege was indeed appropriately invoked, to provide a privilege log as required by the rules. Defendants are ordered to produce to the court for in camera review all notes or writings, whether handwritten or electronic, made by the corporate representative during the deposition of Dennis Darby.

**Plaintiff's Third Requests for Production**

**Requests for Production 3, 4, 8 and 9:** Plaintiff has requested various relevant documents relating to wage and hour complaints, "Law Enforcement Termination/Reassignment Reports," communications relating to plaintiff, and policies and procedures for creating, drafting, maintaining or preserving log book records. Defendants responded that these requests exceed the number of allowable discovery requests. Plaintiff argues that because the court granted the

14

parties additional requests, defendants should be required to respond to these requests. Plaintiff propounded his Third Set of Requests for Production on January 6, 2015 and defendants responded to those requests on February 6, 2015. Docket 68. The court did not grant the additional discovery requests until February 20, 2015, so any requests over the limit dictated by the Case Management Order that had been previously propounded were inappropriate. Plaintiff's motion to compel responses to these requests is denied.

Defendants are hereby ordered to provide full and complete supplemental responses to the plaintiff's discovery requests no later than April 9, 2015. Failure to provide the discovery as ordered will result in the imposition of sanctions, including the possibility of striking all of defendants' defenses to plaintiff's claims and spoliation instructions to the jury.

Defendants must pay the reasonable expenses, including attorney's fees, associated with both the motion to compel and supplemental briefing and affidavits provided, as well as the second and third reviews of the 11,000 documents produced which plaintiff's counsel was forced to undertake. By April 10, 2015, plaintiff must submit an itemization of all reasonable fees and expenses incurred in connection with the motion to compel and the reviews of the documents produced. Defendants may file objections to this itemization by April 17, 2015. If no objections are filed, plaintiff's itemization of fees and expenses will be deemed reasonable, and defendants must tender the total amount claimed to plaintiff no later than April 24, 2015.

**SO ORDERED**, this, the 31st day of March, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE